[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 14-12832
Non-Argument Calendar

_____

D.C. Docket No. 3:11-cr-00281-MMH-JBT-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BRYAN ADRAIN COPELAND,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(March 19, 2015)

Before TJOFLAT, JORDAN, and ROSENBAUM, Circuit Judges.

PER CURIAM:

This is Defendant Bryan Copeland's second appeal arising from this criminal case, in which Copeland pled guilty to wire fraud, aggravated identity

theft, and making false claims against the United States. Initially, Copeland was sentenced to a total term of 264 months of imprisonment. On appeal from that sentence, we determined that the government had breached Copeland's plea agreement by not recommending a two-level reduction for acceptance of responsibility. *See United States v. Copeland*, 520 F. App'x 822, 826-28 (11th Cir. 2013). Concluding that Copeland was entitled to specific performance of the plea agreement, we vacated the sentence and remanded to the district court for resentencing before a different judge. *Id.* at 828. On remand, the district court applied the reduction for acceptance of responsibility and imposed a total sentence of 204 months of imprisonment, below Copeland's advisory guideline range.

At his resentencing, Copeland objected to the district court's application of an enhancement for obstruction of justice under United States Sentencing Guidelines Manual ("U.S.S.G.") § 3C1.1. In addressing the objection, the court concluded that the law-of-the-case doctrine barred Copeland's challenge to the application of the enhancement because Copeland had failed to raise this issue in his first appeal. In the alternative, the court found that the enhancement was appropriate because the facts showed that Copeland had attempted to intimidate a codefendant who was cooperating in the investigation of the fraudulent tax-refund scheme in which Copeland was involved. In this appeal, Copeland argues that the district court erred in both respects. After careful review, we affirm.

2

We review the district court's application of the law-of-the-case doctrine *de novo*. *Alphamed, Inc. v. B. Braud Med., Inc.*, 367 F.3d 1280, 1285 (11th Cir. 2004). We likewise review *de novo* the district court's compliance with our mandate from a previous appeal. *United States v. Amedeo*, 487 F.3d 823, 829 (11th Cir. 2007). When a district court imposes an enhancement for obstruction of justice under U.S.S.G. § 3C1.1, we review the court's factual findings for clear error and its application of the Sentencing Guidelines to those facts *de novo*. *United States v. Massey*, 443 F.3d 814, 818 (11th Cir. 2006).

The law-of-the-case doctrine "preclude[s] courts from revisiting issues that were decided explicitly or by necessary implication in a prior appeal." *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1289, 1291 (11th Cir. 2005). Self-imposed by the courts, law of the case creates efficiency, finality, and obedience within the judicial system. *Amedeo*, 487 F.3d at 829. The law-of-the-case doctrine applies to findings made under the Sentencing Guidelines. *Id.* at 830.

Notably, "[u]nder the law of the case doctrine, a legal decision made at one stage of the litigation, unchallenged in a subsequent appeal when the opportunity existed, becomes the law of the case for future stages of the same litigation, and the parties are deemed to have waived the right to challenge that decision at a later time." *United States v. Escobar-Urrego*, 110 F.3d 1556, 1560 (11th Cir. 1997) (quoting *Williamsburg Wax Museum v. Historic Figures*, 810 F.2d 243, 250 (D.C.

3

Cir. 1987)); *see also United States v. Fiallo-Jacome*, 874 F.2d 1479, 1481-83 (11th Cir. 1989) (concluding that a defendant had waived his right to raise an argument in a second appeal after resentencing that was not raised in the first appeal). Therefore, in *Escobar-Urrego*, this Court held that because the defendant "had the opportunity to appeal the district court's decision that he imported 2,036 grams of usable cocaine but did not, that decision is the law of the case," precluding the defendant from "relitigating the question of how much usable cocaine he imported" unless an exception to law of the case applied.  110 F.3d at 1560-61.

In his first appeal, Copeland did not argue that the evidence failed to support the district court's application of the obstruction-of-justice enhancement under § 3C1.1.[1]  *See Copeland*, 520 F. App'x at 827-28.  This issue could have been raised in the first appeal.  The first district-court judge applied the enhancement during Copeland's initial sentencing, and, on resentencing, the new judge applied the enhancement primarily based on testimony from a cooperating codefendant presented at Copeland's detention hearing early in the case.

Because Copeland did not challenge the district court's initial decision to apply the enhancement when the opportunity existed in his first appeal, that decision is law of the case, and Copeland is deemed to have waived his right to

---

[1]  Although Copeland argued that the government breached the plea agreement by advocating for the obstruction-of-justice enhancement, he did not directly challenge the application of that enhancement, as he does in this appeal.

4

challenge the enhancement on resentencing and in this appeal. *See Escobar-Urrego*, 110 F.3d at 1560; *Fiallo-Jacome*, 874 F.2d at 1481-83. Nor does Copeland's current appeal satisfy any of the exceptions to the law-of-the-case doctrine, because it does not address new evidence or an intervening change in the law, nor does it raise the issue of manifest injustice resulting from our prior decision. *See Amedeo*, 487 F.3d at 830.

Copeland contends that this Court's remand for resentencing before a different district-court judge wiped the slate clean and entitled the new judge "to rule upon guideline objections anew." He cites to our opinion in *United States v. Martinez*, 606 F.3d 1303 (11th Cir. 2010), where we explained that "we have often held that a general vacatur of a sentence by default allows for resentencing *de novo*." *Id.* at 1304. In such a case of general vacatur, "the sentence—including any enhancements—has been wholly nullified and the slate wiped clean," permitting the district court to fully revisit the sentence upon resentencing. *Id.* (quotation marks omitted).

But the circuit courts have "broad discretion to fashion an appropriate mandate on remand after the vacatur of a sentence," pursuant to 28 U.S.C. § 2106, so "the reviewing court remains free to modify or limit the issues for review on remand as it may deem appropriate." *Id.* And a district court abuses its discretion if it exceeds the scope of this Court's mandate. *United States v. Tamayo*, 80 F.3d

5

1514, 1520 (11th Cir. 1996).  We have explained that "[t]he mandate rule is simply an application of the law of the case doctrine to a specific set of facts."  *Id.* (quotation marks omitted).

Whether the district court was permitted to consider Copeland's guideline objection anew on resentencing therefore depends on whether this Court's vacatur of his sentence was general or more limited.  In resolving Copeland's first appeal, we held that the government breached the plea agreement, concluded that Copeland was entitled to specific performance of that agreement, and "vacate[d] Copeland's sentence and remand[ed] for resentencing before a different judge, consistent with this opinion."  *See Copeland*, 520 F. App'x at 826-28.  Thus, it appears as if this Court's mandate was limited to consideration of Copeland's acceptance of responsibility, and did not constitute a general vacatur of his sentence permitting resentencing *de novo*.  *See Martinez*, 606 F.3d at 1304-05.  Nothing so explicit was stated in the opinion, however, leading the district court to helpfully make alternative determinations.

Nevertheless, we do not need to resolve whether the remand was general or limited, because even assuming that the district court was permitted to resentence Copeland *de novo*, Copeland has not shown that the district court erred in applying the obstruction-of-justice enhancement under § 3C1.1.

6

Section 3C1.1 of the Guidelines provides, in relevant part, that an upward adjustment of two levels is appropriate if "the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction," and such conduct related to "the defendant's offense of conviction and any relevant conduct. U.S.S.G. § 3C1.1. Among the examples of covered conduct described in the commentary to § 3C1.1, the obstruction-of-justice enhancement applies to "threatening, intimidating, or otherwise unlawfully influencing a co-defendant, witness, or juror, directly or indirectly, or attempting to do so." *Id.* § 3C1.1 cmt. n.4(A).

Here, one of Copeland's codefendants, Prientice Hooks, testified under oath at Copeland's detention hearing that he had been cooperating with the IRS and the Secret Service in their investigation of Copeland's tax-fraud scheme. Hooks testified that he had received prior threats from Copeland's associates, warning him that they would come after him if he divulged anything about Copeland to the authorities. Then, in September 2011, Hooks was walking alongside a road when Copeland hit Hooks with his vehicle and then drove off. The district court concluded that, based on Hooks's testimony, the government had shown by "a preponderance of the evidence that the incident occurred largely as Mr. Hooks

described it . . . , specifically, that Mr. Copeland assaulted his former co-conspirator, whom he knew or believed was cooperating against him."

Copeland contends that Hooks's testimony was undermined by other evidence in the record and was inconsistent with the police incident report prepared immediately after the incident. But because we review the district court's factual findings only for clear error, we must defer to the court's findings so long as they are "plausible." *United States v. McPhee*, 336 F.3d 1269, 1275 (11th Cir. 2003). And "[w]here there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *Id.* (quotation marks omitted). The district court's resolution of the factual inconsistencies identified by Copeland was plausible and, therefore, not clearly erroneous. *See id.*

Based on the court's plausible factual findings, it was not erroneous to apply the obstruction-of-justice enhancement because the facts demonstrate that Copeland threatened or intimidated Hooks, or attempted to do so, because Copeland knew or believed that Hooks, a codefendant and potential witness, was assisting with the investigation of Copeland's tax fraud. *See* U.S.S.G. § 3C1.1, cmt. n.4(A). Accordingly, the district court did not err in applying the two-level increase for obstruction of justice. *See Massey*, 443 F.3d at 818.

In short, by failing to challenge the obstruction-of-justice enhancement in his first appeal, Copeland is barred by law of the case from challenging the

8

enhancement on appeal after resentencing.  Alternatively, even if the district court was permitted to address Copeland's objection *de novo*, the court did not err in applying the § 3C1.1 enhancement.

**AFFIRMED.**