**UNITED STATES of America,**

v.

**Teresa June EDMONDSON.**

**CR. No. 3:02cr13–WHA–CSC.**

United States District Court,
M.D. Alabama,
Eastern Division.

Aug. 1, 2011.

Jared Morris, Louis V. Franklin, Sr., Terry F. Moorer, Tommie Brown Hardwick, U.S. Attorney's Office, Montgomery, AL, for Plaintiff.

## MEMORANDUM OPINION AND ORDER

W. HAROLD ALBRITTON, Senior District Judge.

This case is before the court on a Motion for Downward Departure (Doc. # 255) filed by Defendant Teresa June Edmondson ("Edmondson").

Edmondson was convicted on July 27, 2002, and sentenced on November 22, 2002. After she appealed, the Eleventh Circuit affirmed her conviction and sentence on December 4, 2003. On March 9, 2005, Edmondson filed an 18 U.S.C. § 2255 motion to Vacate, Set Aside, or Correct Sentence. The court denied Edmondson's § 2255 motion on April 23, 2007.

Now, Edmondson argues that she is entitled to a retroactive downward departure, because she has allegedly been rehabilitated since beginning her term of imprisonment. The court concludes that Edmondson is not entitled to challenge her sentence on that basis, given this case's procedural posture.[1]

In 2007, the Southern District of Alabama dealt with a similar case, and denied relief. *United States v. Lloyd,* 484 F.Supp.2d 1232 (S.D.Ala.2007) (Steele, J.). In that case, Lloyd was sentenced, and the Eleventh Circuit affirmed his sentence. *Id.* at 1235–36 Approximately six months later, Lloyd filed a 28 U.S.C. § 2255 motion, arguing, in part, that his sentence should be " 'corrected' or 'reconsidered' based on [his] post-conviction rehabilitation." *Id.* at 1236. The court held that post-sentencing rehabilitation is not a sufficient ground for § 2255 relief, and additionally, it would not entitle Lloyd to relief even if the court liberally construed "his *pro se* filing ... as a motion for sentence reduction under 18 U.S.C. § 3582(c)." *Id.* at 1240–41.

With respect to his § 2255 claim, the court explained that

Lloyd does not contend that his sentence was infected with error of either constitutional or nonconstitutional dimensions but instead asks that he be resentenced so that the Court may take into account rehabilitative endeavors that postdate his original sentencing. This request falls outside the permissible parameters of § 2255 relief and therefore is not cognizable, as a matter of law.

*Id.* at 1241. The court cited numerous authorities in support, and wrote that it was "unaware of a single authority to the contrary." *Id.* at 1241 n. 12 (citing cases).

The court similarly denied relief under § 3582(c), because § 3582(c) authorizes relief only based on the limited circumstances enumerated in that statute,[2] and

---

1. Edmondson states that her Motion is based on 28 U.S.C. § 452 and Federal Rules of Criminal Procedure 2, 47, and 56(a). These provisions refer to either the purposes of the Federal Rules of Criminal Procedure or the rules for filing motions. They do not authorize this court to grant the particular relief that Edmondson seeks in this case.

2. 18 U.S.C. § 3582(c) states that a court "may not modify a term of imprisonment once it has been imposed except that—"

  (1) in any case—

    (A) the court, upon motion of the Director of the Bureau of Prisons, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of

"[p]ost-sentencing rehabilitation is not among the enumerated grounds in that statute, and therefore cannot justify a reduction in sentence." *Id.* at 1241; *see also id.* at 1241 n. 13 (citing cases).

This court agrees with the reasoning of the *Lloyd* court. Turning to the facts of this case, it is unclear whether Edmondson seeks relief under § 3582 or § 2255. But, for the same reasons given by the *Lloyd* court, Edmondson's claim is not cognizable under either statute. Moreover, as the Government points out, Edmondson cannot obtain relief under § 2255 with this court at this time, because she previously filed a § 2255 motion, and failed to obtain certification to file another such motion. *See* 28 U.S.C. § 2255(h).

Finally, although Edmondson cites numerous cases, the Government correctly points out that all of those cases dealt with consideration of rehabilitation at the time of sentencing, or resentencing after an appellate court's reversal and remand of a previously-imposed sentence. For example, Edmondson cited *Pepper v. United States,* in which the Supreme Court held that "when a defendant's sentence *has*

*been set aside on appeal and his case remanded for resentencing,* a district court may consider evidence of a defendant's rehabilitation since his prior sentencing and that such evidence may, in appropriate cases, support a downward variance from the advisory Guidelines range." *Pepper v. United States,* —— U.S. ——, 131 S.Ct. 1229, 1241, 179 L.Ed.2d 196 (2011) (emphasis added).

In this case, because the sentence has already been imposed, and is not before this court for resentencing on remand, Edmondson's cited cases, including *Pepper,* do not apply. In other words, while rehabilitation may be a ground the court can consider if it is in the midst of sentencing or resentencing, rehabilitation is not a justification for the court to resentence the defendant in the first place. *See, e.g. United States v. Ramos,* No. 6:01–cr–90–Orl–19KRS, 2011 WL 2413463, at *2 (M.D.Fla. June 14, 2011) (refusing to consider a defendant's motion for a post-sentencing downward departure due to defendant's rehabilitative efforts, when the sentence had "not been set aside on appeal and remanded for resentencing"); *Harris*

---

the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

(I) extraordinary and compelling reasons warrant such a reduction; or

(II) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and

(B) the court may modify an imposed term of imprisonment to the extent other-

wise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; and

(2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(*o* ), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

None of Federal Rule of Criminal Procedure 35's grounds for reduction in sentence apply to this case.

*v. United States,* Criminal No. 03–72, 2009 WL 303701, at \*3 (W.D.Pa. Feb. 9, 2009) ("At resentencing, a court may consider a defendant's extraordinary post-sentencing rehabilitation efforts as a basis for a downward departure. The extraordinary rehabilitation, however, is not a basis for resentencing.") (citation omitted); *see also Lloyd,* 484 F.Supp.2d at 1240 ("A § 2255 petitioner cannot obtain a new sentencing hearing each time his history and characteristics change in some way; otherwise, federal courts would be bombarded by resentencings, forever ratcheting sentences up or down on an almost daily basis depending on whatever changes there might have been in any of the § 3553(a) factors in the interim.").

For the foregoing reasons, the Motion for Downward Departure is OVERRULED.