[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-11397
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 4, 2012
JOHN LEY
CLERK

D.C. Docket No. 1:09-cr-20077-JLK-1


UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

RAMON SANTOS,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(January 4, 2012)

Before TJOFLAT, EDMONDSON and KRAVITCH, Circuit Judges.

PER CURIAM:

Ramon Santos was found guilty by a jury for conspiring to commit health

care fraud, in violation of 18 U.S.C. § 1349; committing health care fraud, in violation of 18 U.S.C. § 1347; and obstructing justice, in violation of 18 U.S.C. § 1503. He was sentenced to 108 months' imprisonment. Santos appeals his sentence and argues that it is substantively unreasonable because the district court (1) erroneously concluded that the sentence disparity between Santos and his co-defendants was already taken into account by the sentencing guidelines, and (2) failed to take into consideration his post-sentencing rehabilitation. After review, we affirm.

I.

Santos was charged, along with three co-conspirators, with conspiracy to commit health care fraud and health care fraud. Santos was also charged with obstruction of justice. Santos's co-conspirators each pleaded guilty and received sentences ranging from 38 (after a reduction for substantial assistance) to 100 months' imprisonment. Only Santos proceeded to trial, where he was convicted.

Before sentencing, a probation officer prepared Santos's presentence investigation report (PSI) and assigned Santos a guideline range of 108 to 135 months' imprisonment. At the sentencing hearing, Santos requested a downward variance from the guideline range, citing the need to avoid sentencing disparities among the co-conspirators. He argued that it was inconsistent with 18 U.S.C. §

3553(a)[1] for him to receive a sentence greater than those of his co-conspirators simply because he went to trial. The district court adopted the PSI's guideline range and denied Santos's request for a downward variance, stating:

> I do not believe that it is of any, except casual interest, relevance, as to what some other judge on this court thinks . . . was fair and reasonable for someone that was also involved in this massive fraud . . . . The sentencing guidelines commission takes into account all of those [§ 3553(a)] factors on a nationwide basis and they have concluded that it is a reasonable guideline range of 108 to 135 months.

The district court imposed a 108-month sentence, stating that the other § 3553(a) factors "overwhelmingly sustain the guideline range; that is, the need to reflect the seriousness of this offense."

Santos appealed, arguing that the district court failed to allow him to allocute and failed to consider the disparity between his sentence and those of his co-conspirators. In that appeal, we held that the district court erred in failing to allow Santos to allocute, and we remanded the case for re-sentencing but declined

---

[1] Section 3553(a) requires the district court to consider at sentencing: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) the pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

to decide the reasonableness of Santos's sentence at that time.[2]

At his re-sentencing hearing, Santos stated during his allocution that he had learned during his incarceration how to understand, acknowledge, and feel remorse for mistakes. He also stated that his religion helped him to forgive and "get rid of hate." Santos argued that his statement evidenced post-sentencing rehabilitation that warranted a downward variance from the original sentence. The district court declined to issue a variance, stating, "I have not heard anything here that changes anything about the seriousness of this crime that he committed and his responsibility for it." When Santos renewed his disparity argument, the court adhered to its analysis from the original sentencing hearing. The court again sentenced Santos to 108 months' imprisonment.

## II.

We review the reasonableness of a sentence under a deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 41 (2007). "A district court abuses its discretion when it (1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *United States v. Irey*, 612 F.3d 1160, 1189 (11th

---

[2] *United States v. Santos*, 397 F. App'x 583 (11th Cir. 2010).

Cir. 2010) (*en banc*). The party challenging a sentence bears the burden of establishing that the sentence was unreasonable based on the record and the § 3553(a) factors. *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005).

III.

We conclude that the district court's sentence was not unreasonable. The district court expressly considered and weighed the § 3553(a) factors and determined that the seriousness of the offense warranted the sentence imposed. Santos contends that the district court erred in concluding that the guidelines took into account concerns about sentencing disparities and argues that he should have received a sentence closer to that of his co-conspirators. "As with the seriousness of the offense conduct, avoidance of unwarranted disparities was clearly considered by the Sentencing Commission when setting the Guidelines ranges." *Gall*, 552 U.S. at 54. Just as the district court did in *Gall*, the district court here "carefully calculated and reviewed the Guidelines range." *Id.* Thus, it "necessarily gave significant weight and consideration to the need to avoid unwarranted disparities." *Id.* Accordingly, the district court did not abuse its discretion in relying on the guidelines ranges to account for disparities in sentencing.

The district court also did not abuse its discretion in declining to grant

Santos a downward variance based on his post-sentence rehabilitation. The Supreme Court recently held that "when a defendant's sentence has been set aside on appeal, a district court at re-sentencing may consider evidence of the defendant's postsentencing rehabilitation and that such evidence may, in appropriate cases, support a downward variance from the now-advisory Federal Sentencing Guidelines range." *Pepper v. United States*, 131 S. Ct. 1229, 1236 (2011). But *Pepper* merely permits, and does not require, the district court to grant a downward variance if a defendant provides evidence of rehabilitation. Thus, the district court did not abuse its discretion in finding that any rehabilitation Santos experienced before his re-sentencing did not affect the court's calculation of an appropriate sentence.

## III.

Because we conclude that the district court did not abuse its discretion when it sentenced Santos to 108 months' imprisonment, the sentence is **AFFIRMED.**