**UNITED STATES of America**

v.

**Maurice Louis KIRBY.**

**Case No. 1:08–CR–197–VEH–TMP.**

United States District Court,
N.D. Alabama,
Eastern Division.

June 14, 2013.

1198

Alice H. Martin, U.S. Attorney, Joyce White Vance, U.S. Attorney, U.S. Attorney's Office, William Gott Simpson, Thomas E. Borton, IV, Praveen Krishna, Joseph Paul Montminy, U.S. Attorney, Joyce White Vance, Michael B. Billingsley, Enid D. Athanas, U.S. Attorney, Jeffrey M. Anderson, Bradley Arant Boult Cummings LLP, Birmingham, AL, for United States of America.

Maurice Louis Kirby, Yazoo City, MS, pro se.

Cecilia A. Pope, Cecilia A. Pope, Attorney at Law, Huntsville, AL, for Maurice Louis Kirby.

### ORDER DENYING MOTION FOR REDUCTION OF SENTENCE

VIRGINIA EMERSON HOPKINS, District Judge.

On June 10, 2013, a motion was filed by the Defendant, Maurice Louis Kirby ("Mr. Kirby"), who is *pro se,* requesting that the court reduce his sentence "as a result of movant's post rehabilitation [sic] conduct." (Doc. 546 at 2.) Although the defendant titles his motion a "Motion for Reconsideration: Fair Sentencing Act" and references 18 U.S.C. § 3582(c)(2), the Motion is not, in fact, a Motion for Reconsideration. Rather, it is a motion for sentence reduction based on Defendant's postsentencing rehabilitation.[1] Defendant relies on "*Pepper v. U.S.* and Title 18 U.S.C. 3553(A)(2)(D) [sic]." (Doc. 546 at 2.)[2]

The Eleventh Circuit has said:

> The authority of a district court to modify an imprisonment sentence is narrowly limited by statute. Specifically, § 3582(c) provides that a court may not modify an imprisonment sentence except in these three circumstances: (1) where

---

1. The court notes that this is Mr. Kirby's third motion for sentence reduction. *See* doc. 504, Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense, filed *pro se* on 9/29/2011; denied by Order, doc. 505, entered on 10/04/2011. *See also,* doc. 510 (Motion (Second) for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense, filed *pro se* on 12/08/2011; denied by Order, doc. 518, entered on 2/22/2012).

2. No case citation was provided. The court assumes that Mr. Kirby is referring to *Pepper v. United States,* —— U.S. ——, 131 S.Ct. 1229, 179 L.Ed.2d 196 (2011).

the Bureau of Prisons has filed a motion and either extraordinary and compelling reasons warrant a reduction or the defendant is at least 70 years old and meets certain other requirements, *see* 18 U.S.C. § 3582(c)(1)(A); (2) where another statute or Federal Rule of Criminal Procedure 35 expressly permits a sentence modification, *see id.* § 3582(c)(1)(B); or (3) where a defendant has been sentenced to a term. of imprisonment based on a sentencing range that was subsequently lowered by the Commission and certain other requirements are met, *see id.* § 3582(c)(2). *United States v. Phillips,* 597 F.3d 1190, 1195–97 (11th Cir.2010).[3]

Only § 3582(c)(1)(B) is relevant to the issue of whether, based on Mr. Kirby's postsentence rehabilitation, this court can modify Mr. Kirby's sentence imposed on October 16, 2009 (Judgment, doc. 480). Section 3582(c)(1)(B) provides:

> The court may not modify a term of imprisonment once it has been imposed except that—
> (1) in any case—
> . . .
> ▪ (B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure....

18 U.S.C. § 3582(c)(1)(B). "The unambiguous language of § 3582(c)(1)(B) indicates that, absent other express statutory authority, modification of an imprisonment sentence can only be done pursuant to Rule 35." *Phillips,* 597 F.3d at 1195. Mr. Kirby has not claimed any other statutory authority is applicable here.[4] Thus, the court focuses on Rule 35.

---

**3.** 18 U.S.C. § 3582(c) provides in full:

(c) Modification of an imposed term of imprisonment.—The court may not modify a term of imprisonment once it has been imposed except that—
(1) in any case—
(A) the court, upon motion of the Director of the Bureau of Prisons, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
(i) extraordinary and compelling reasons warrant such a reduction; or
(ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and
(B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; and
(2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(*o* ), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.
18 U.S.C. § 3582(c).

**4.** In the first sentence of the Motion, Mr. Kirby references the Fair Sentencing Act. However, his argument relates solely his postsentencing rehabilitation. The Fair Sentencing Act of 2010, Pub. L. No. 111–220, 124 Stat. 2372 (2010), reduced the crack-to-powder cocaine disparity in penalties from 100–to–1 to 18–to–1. *Id.,* § 2(a). It did not alter

■ Federal Rule of Criminal Procedure 35 significantly restricts how and when a district court may modify an imprisonment sentence. Rule 35(a) provides that "[w]ithin 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." FED.R. CRIM.P. 35(a). Rule 35(b) allows a court to reduce a sentence upon the government's motion if the defendant provided the government substantial assistance after sentencing in investigating or prosecuting another person. The government filed no such motion in this case, and thus Rule 35(b) is not applicable. Additionally, Federal Rule of Criminal Procedure 36 allows a court at any time, after giving notice, to correct a "clerical error in a judgment, order, or other part of the record." FED.R.CRIM.P. 36. Mr. Kirby has not argued that the district court's October 16, 2009, judgment of conviction contained a "clerical error," and thus Rule 36 is not at issue.

■ The Eleventh Circuit has held that the time limit in Rule 35(a) is jurisdictional, and that, outside of Rule 35(a) "there exists no 'inherent authority' for a district court to modify a sentence." *United States v. Diaz–Clark*, 292 F.3d 1310, 1319 (11th Cir.2002) (construing the same language, but prior to its being renumbered from Rule 35(b) to 35(a)); *see also United States v. Morrison*, 204 F.3d 1091, 1093 (11th Cir.2000) (noting the time limitation contained in then Rule 35(c) "is jurisdictional"). The *Diaz–Clark* court noted that "a court's modification of a sentence outside of this [time] period is an action taken without the requisite jurisdiction, and is a legal nullity," and such a "decision can only be upheld if [the district court] had some 'inherent authority' to modify the sentence." 292 F.3d at 1317

(alterations supplied). The Eleventh Circuit further stressed that, whatever the scope of a district court's inherent power, "it does not include the power to develop rules that circumvent or conflict with the Federal Rules of Criminal Procedure." *Id.* at 1318 (quoting *Carlisle v. United States*, 517 U.S. 416, 426, 116 S.Ct. 1460, 1466, 134 L.Ed.2d 613 (1996)). "[F]ederal courts have no more discretion to disregard the Rule's mandate than they do to disregard constitutional or statutory provisions." *Id.* (quoting *Carlisle*, 517 U.S. at 426, 116 S.Ct. at 1466).

Mr. Kirby relies exclusively upon his rehabilitative accomplishments while incarcerated as the ground for his motion, and cites *Pepper v. United States*, — U.S. ——, 131 S.Ct. 1229, 179 L.Ed.2d 196 (2011) and 18 U.S.C. § 3553(a)(2)(D). In *Pepper*, the Supreme Court held that, *when a defendant's sentence has been set aside on appeal,* a district court, at *resentencing,* may consider evidence of the defendant's postsentencing rehabilitation, and such evidence may, in appropriate cases, and after considering *all* of the relevant factors, support a downward variance from the Guidelines range. 131 S.Ct. at 1239–50. Mr. Kirby's sentence has not been set aside on appeal. Therefore, *Pepper* simply does not apply. *See United States v. Edmondson*, 799 F.Supp.2d 1297, 1299 (M.D.Ala.2011) ("because the sentence has already been imposed, and is not before this court for resentencing on remand, Edmondson's cited cases, including *Pepper*, do not apply.") (collecting cases).

*Pepper* instructs that, conversely to the posture of the instant case, *if a sentence has been vacated on appeal,* a court may, *at resentencing,* consider such post-sentencing rehabilitation, along with all other

the Sentencing Guidelines with regard to the 18 U.S.C. § 3553(a) factors generally, or post-

sentencing rehabilitation specifically.

relevant factors. The factors which a court is to consider at sentencing (and resentencing) are found at 18 U.S.C. § 3553. At resentencing after a sentence has been vacated, postsentencing rehabilitation would properly be considered under the subsection cited by Mr. Kirby, 18 U.S.C. § 3553(a)(2)(D). Of course, the fact that evidence of postsentencing rehabilitation is a factor that is *considered* does not mean that it makes a *difference* in the ultimate sentence imposed. As persuasively explained by the Eleventh Circuit in a nonbinding opinion applying *Pepper*,

> The district court also did not abuse its discretion in declining to grant Santos a downward variance based on his post-sentence rehabilitation. The Supreme Court recently held that "when a defendant's sentence has been set aside on appeal, a district court at re-sentencing may consider evidence of the defendant's postsentencing rehabilitation and that such evidence may, in appropriate cases, support a downward variance from the now-advisory Federal Sentencing Guidelines range." *Pepper v. United States*, —— U.S. ——, 131 S.Ct. 1229, 1236, 179 L.Ed.2d 196 (2011). *But Pepper merely permits, and does not require, the district court to grant a downward variance if a defendant provides evidence of rehabilitation.* Thus, the district court did not abuse its discretion in finding that any rehabilitation Santos experienced before his re-sentencing did not affect the court's calculation of an appropriate sentence.

*United States v. Santos*, 476 Fed.Appx. 694, 696 (11th Cir.2012) (emphasis supplied).

While the court commends Mr. Kirby for his efforts to improve himself while in prison, it lacks the requisite authority to change his sentence. Therefore, the Motion is **DENIED.** Insofar as Mr. Kirby may wish to appeal, the court hereby certifies for the foregoing reasons that any appeal from this Order would be plainly frivolous and not in good faith. Accordingly, Mr. Kirby will not be permitted to pursue an appeal *in forma pauperis*.