[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-13846

_____

07-00385-CR-T-30TBM

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 19, 2010
JOHN LEY
CLERK

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HECTOR MARTINEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

Before MARCUS and HILL, Circuit Judges, and VOORHEES,[*] District Judge.

MARCUS, Circuit Judge:

Appellant Hector Martinez has petitioned this Court for rehearing and

---

[*] Honorable Richard L. Voorhees, United States District Judge for the Western District of North Carolina, sitting by designation.

rehearing en banc, arguing that United States v. Canty, 570 F.3d 1251 (11th Cir. 2009), precludes our grant of relief allowing the government to introduce new evidence on remand to support a claimed leadership sentencing enhancement. Plainly, this Court has the power to authorize the remedial relief ordered in the case. Because Title 28 U.S.C. § 2106 grants the courts of appeal broad discretion to fashion mandates to allow appropriate proceedings on remand in a criminal case, and because our case precedent has long held that an appellate panel may in an appropriate case permit the government to introduce new evidence on a remand for resentencing, we adhere to the panel opinion and deny the motion for rehearing and rehearing en banc.

To begin with, the controlling statute, 28 U.S.C. § 2106, unambiguously grants the circuit courts broad discretion to fashion an appropriate mandate on remand after the vacatur of a sentence. In fact, the text of the statute grants the broadest authority to the courts of appeals in fashioning the remedy. Thus, under the statute, this Court may

> affirm, modify, vacate, set aside or reverse any judgment, decree, or order of a court lawfully brought before it for review, and may remand the cause and direct the entry of such appropriate judgment, decree, or order, or require such further proceedings to be had as may be just under the circumstances.

28 U.S.C. § 2106. Indeed, we cannot imagine how the appellate court's discretion

could be framed more broadly.

To suggest, however, that a circuit panel may, in an appropriate case, vacate and remand for resentencing de novo, of course, does not mean that a circuit panel is required in every vacatur to remand the case for de novo review by the district court. Quite to the contrary, the reviewing court remains free to modify or limit the issues for review on remand as it may deem appropriate; indeed, it may require such further proceedings "as may be just under the circumstances." Id. Accordingly, many remands are limited in nature, and the mandate may sharply circumscribe the district court's review on the second round. But this much is clear -- a reviewing panel may remand for limited purposes, for broader purposes, or to permit further evidence to be presented on the second round even when a party has been given an opportunity but fails to do so on the first round.

Consonant with this broad discretion, we have often held that a general vacatur of a sentence by default allows for resentencing de novo. See United States v. Taylor, 11 F.3d 149, 152 (11th Cir. 1994) ("[T]here is a distinction between modifications of sentences and proceedings that impose a new sentence after vacation of the original sentence."). Indeed, we have had occasion to observe that "when a criminal sentence is vacated, it becomes void in its entirety; the sentence  -- including any enhancements -- has 'been wholly nullified and the slate

wiped clean.'" United States v. Stinson, 97 F.3d 466, 469 (11th Cir. 1996) (per curiam) (quoting United States v. Cochran, 883 F.2d 1012, 1017 (11th Cir. 1989)), cert. denied, 519 U.S. 1137 (1997). Thus, we have adopted a "holistic approach" to resentencing, Stinson, 97 F.3d at 469, treating a criminal sentence as a "package of sanctions" that may be fully revisited upon resentencing. United States v. Yost, 185 F.3d 1178, 1181 (11th Cir. 1999). Other circuits have recognized that this Court has allowed by default a de novo approach to resentencing. See, e.g., United States v. Quintieri, 306 F.3d 1217, 1228 n.6 (2d Cir. 2002).

Indeed, there is binding precedent in this Circuit (predating Canty) where we have squarely permitted the government to present evidence at resentencing even though it amounted to giving the party "a second bite at the apple." Thus, for example, most recently in United States v. Tampas, 493 F.3d 1291, 1305 (11th Cir. 2007), a panel of this Court considered whether to remand the case for resentencing on the issue of criminal restitution because the government had failed to prove that the defendant's embezzlement scheme caused the victim to sustain a very large loss. The defendant squarely objected that resentencing would unfairly allow the government "two bites at the apple" to "prove that the YMCA is due restitution." Id. The panel overruled the objection and held that the government would be allowed to introduce new evidence on remand at the resentencing. Id.

4

The issue of whether the government could develop the facts at resentencing was clearly raised, argued, and decided by the panel. The mandatory restitution in Tampas was authorized as a "sentencing provision" found in the criminal statute 18 U.S.C. § 3663A(a), id., and required factfinding as part of the sentencing packet, see United States v. Patterson, 595 F.3d 1324, 1327 (11th Cir. 2010).

Tampas is controlling case law predating Canty on whether a panel may on remand for resentencing allow the government to introduce new evidence. And, of course, "[u]nder the prior precedent rule, we are bound to follow a prior binding precedent unless and until it is overruled by this court en banc or by the Supreme Court." United States v. Vega-Castillo, 540 F.3d 1235, 1236 (11th Cir. 2008) (per curiam).

Tampas was not the first time, however, that a panel of this Court has exercised its statutory discretion in that way. Still earlier, in United States v. Ramsdale, 61 F.3d 825, 831-32 (11th Cir. 1995), another panel expressly authorized the government to introduce new evidence to prove a sentencing fact on remand. Because the government had failed to "produce any evidence regarding the type of methamphetamine involved in the conspiracy," the appellate panel vacated the sentence and remanded the case "for resentencing, at which time the government must meet its burden of proof." Id. at 832. If there is any doubt that

the panel in Ramsdale allowed the government to introduce new evidence on resentencing, a later panel of this Court has read Ramsdale that way, too. In Reece v. United States, 119 F.3d 1462, 1466 n.7 (11th Cir. 1997), a panel of this Court noted that "[i]t remains to be seen whether Ramsdale's holding -- that the government is entitled to a second chance to present evidence after presenting an inadequate case -- will be applied to other cases in which the government's proof fails on a sentencing issue for which it bears the burden of proof." Ramsdale, like Tampas, is binding precedent that predates Canty. See also United States v. Elliott, 62 F.3d 1304, 1313 n.11 (11th Cir. 1995) (allowing, in dicta, the government to introduce further evidence at resentencing); United States v. Howard, 902 F.2d 894, 897 (11th Cir. 1990) (allowing, in dicta, the district court to accept "any new evidence" at resentencing).

Canty does not hold (nor could it) that an appellate panel was barred from fashioning an appropriate mandate, including allowing the government to present additional evidence on remand for resentencing. We read it to say only that a broad mandate for de novo resentencing was inappropriate in that case. Under 28 U.S.C. § 2106, the panel was free to limit the remand proceedings as it thought "just." Because the government in Canty had explicitly disclaimed reliance on other evidence at the first sentencing, there were sound reasons to deny them a

6

"second bite at the apple." Canty, 570 F.3d at 1256-57.

In this case, there were powerful reasons to allow the government to present additional evidence. Among other things, the defendant's objection at the sentencing hearing was vague and unclear. When the district court asked Martinez whether he had any objections to the factual accuracy of the presentence investigation report ("PSI"), the defendant responded "No. Everything's fine." And, although Martinez's counsel later clarified that he did object to the leadership enhancement, the attorney seemed to acknowledge that there were bare facts supporting the enhancement in the PSI, stating that "I understand that it's there, Judge." The district court promptly denied the objection. Under the circumstances of this case, a "just" mandate allowed the government to introduce evidence upon remand.

To accept Martinez's expansive reading of Canty would severely restrict the broad discretion expressly conferred upon appellate courts by 28 U.S.C. § 2106, contravene the holdings of this Court in controlling case law, and substantially rewrite the rules governing the vacatur of sentences. This we are not prepared to do. Quite simply, the Martinez panel had the lawful power to fashion an appropriate form of relief on remand, including permitting the presentation of further evidence.

Finally, since no poll has been requested by any judge of the Court in regular active service, the motion for rehearing and rehearing <u>en banc</u> is denied.

**DENIED.**