[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-12394
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 6, 2011
JOHN LEY
CLERK

D.C. Docket No. 1:09-cr-00534-TWT-ECS-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ISAAC ALVAREZ-PEREZ,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(May 6, 2011)

Before TJOFLAT, MARTIN and KRAVITCH, Circuit Judges.

PER CURIAM:

Isaac Alvarez-Perez appeals his 46-month sentence imposed after pleading

guilty to illegally re-entering the United States after deportation, in violation of 8

U.S.C. § 1326(a) and (b)(2). Alvarez-Perez argues that the 16-level enhancement in United States Sentencing Guidelines § 2L1.2(b)(1)(A)(i) (Nov. 1, 2009) renders his sentence substantively unreasonable because the enhancement is not supported by "empirical evidence or national experience." Alvarez-Perez also argues that the district court did not properly weigh the nature of his offense against his difficult childhood, his regular employment history, and his conviction of only one prior felony.[1] After careful review of the record and the parties' briefs, we affirm.

A district court must impose a sentence that is both procedurally and substantively reasonable. Gall v. United States, 552 U.S. 38, 51, 128 S.Ct. 586, 597 (2007). We review the substantive reasonableness of a sentence for abuse of discretion in light of the totality of the circumstances. Id. "[O]rdinarily we would expect a sentence within the Guidelines range to be reasonable." United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005). "[T]he party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in the light of both th[e] record and the factors in [18 U.S.C. §] 3553(a)." Id.

---

[1] Alvarez-Perez also argues that the 16-level enhancement results in impermissible double-counting of his prior felony conviction, but as he concedes, this argument is foreclosed by our precedent. United States v. Adeleke, 968 F.2d 1159, 1161 (11th Cir. 1992). Under our prior precedent rule, this Court is "'bound to follow a prior binding precedent unless and until it is overruled by this court en banc or by the Supreme Court.'" United States v. Martinez, 606 F.3d 1303, 1305 (11th Cir. 2010) (quoting United States v. Vega-Castillo, 540 F.3d 1235, 1236 (11th Cir. 2008)).

A sentence is substantively unreasonable if it "fails to achieve the purposes of sentencing as stated in section 3553(a)." Id. Pursuant to § 3553(a), the sentencing court must impose a sentence "sufficient, but not greater than necessary," to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, protect the public from future criminal conduct by the defendant, and provide the defendant with needed educational or vocational training or medical care. 18 U.S.C. § 3553(a)(2). The district court must also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable guideline range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims. 18 U.S.C. § 3553(a)(1), (3)-(7).

A district court abuses its discretion when it balances the § 3553(a) factors in a way that is not reasonable or places unreasonable weight on a single factor. United States v. Irey, 612 F.3d 1160, 1192–93 (11th Cir. 2010) (en banc). We will remand for resentencing only when "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." United States v. Pugh, 515 F.3d 1179, 1191

3

(11th Cir. 2008) (quotation marks omitted).

U.S.S.G. § 2L1.2(b)(1)(A)(i) provides a 16-level enhancement "[i]f the defendant previously was deported . . . after . . . a conviction for a felony that is . . . a drug trafficking offense for which the sentence imposed exceeded 13 months." That enhancement was applied in this case because Alvarez-Perez's deportation followed his conviction for possession with intent to distribute methamphetamine. His sentence for that crime was 10 years imprisonment, of which he was to serve 3 years with the remainder of the sentence probated and ultimately suspended upon deportation. Alvarez-Perez argues that this 16-level enhancement rendered his low-end guideline sentence unreasonable.[2] Specifically, he likens the enhancement to the crack cocaine guidelines considered in Kimbrough v. United States, 552 U.S. 85, 128 S. Ct. 558 (2007), and argues that the sentence here is unreasonable because the § 2L1.2(b)(1)(A)(i) enhancement "is not predicated on empirical evidence or national experience." See id. at 109–10, 128 S. Ct. at 575 (explaining that given the Commission's failure to "take account of empirical data and national experience," and its acknowledgment that the guidelines "produce[d] disproportionately harsh

---

[2] Based on an offense level of 21 and a criminal history category of III, the district court calculated Alvarez-Perez's guideline range as 46 to 57 months. Alvarez-Perez did not object to and does not appeal the guidelines calculation.

4

sanctions, . . . . it would not be an abuse of discretion for a district court to conclude . . . that the crack/powder disparity yields a sentence greater than necessary to achieve § 3553(a)'s purposes, even in a mine-run case." (quotation marks omitted)). We disagree. As we have previously recognized, the enhancements in U.S.S.G. § 2L1.2 are "designed to deter aliens who have been convicted of a felony from re-entering the United States." Adeleke, 968 F.2d at 1161. The 16-level enhancement in § 2L1.2(b)(1)(A)(i) is rationally suited to that purpose. As the district court explained, "the 16-level enhancement . . . appropriately takes into consideration the seriousness of [the offense]," because

> the public . . . is generally and properly concerned about cases where individuals enter the United States illegally and commit serious drug trafficking offenses while they're here and are then deported and then return to the United States knowing that if they are found here they are going to be punished again.

We also reject Alvarez-Perez's argument that the district court committed a clear error of judgment in weighing the § 3553(a) factors by failing to give enough weight to Alvarez-Perez's life experience and the nature and circumstances of the offense. In addition to his earlier conviction for possession with intent to distribute methamphetamine, and this conviction for illegal reentry following deportation, Alvarez-Perez was also convicted in 2009 of giving false information to law enforcement, driving without a license, and speeding. Given Alvarez-

5

Perez's criminal history and his failure to comply with the law following his initial removal from the United States, we cannot say that his low-end guideline sentence of 46 months is unreasonable. <u>See</u> § 3553(a)(2) (requiring courts to consider the need for the sentence "to promote respect for the law" and "to afford adequate deterrence to criminal conduct").

For all of these reasons, we conclude that the district court did not abuse its discretion, and we therefore affirm Alvarez-Perez's 46-month sentence.

**AFFIRMED.**