[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-10531
_____

D.C. Docket Nos. 9:10-cv-80231-KLR; 0:98-cr-06137-KLR-1

JOHN EDWARD GORDON,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____
(June 14, 2013)

Before MARCUS, HILL, and SILER,[*] Circuit Judges.

SILER, Circuit Judge:

_____

[*]Honorable Eugene E. Siler, Jr., United States Circuit Judge for the Sixth Circuit, sitting by designation.

Gordon, a federal prisoner, appeals the district court's denial of his motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. For the following reasons, we affirm.

I.

In 2000, Gordon pled guilty to charges including assault on a federal officer, theft of government property, bank robbery, and felony firearm possession. The presentence investigation report ("PSR") produced a United States Sentencing Guidelines ("USSG") range of 140-175 months but recommended that Gordon be subject to an enhanced sentence under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). The PSR read, in pertinent part:

> **Chapter Four Enhancements:** Pursuant to USSG § 4B1.4(a), a defendant who is subject to an enhanced sentence under the provisions of 18 U.S.C. § 924(e) is an armed career criminal. In this case, the defendant possessed a Sig Sauer 9 millimeter semi automatic pistol. The defendant was convicted on July 22, 1992 of Possession with Intent to Distribute Cocaine . . . and September 7, 1993 of Robbery and Kidnaping. Pursuant to USSG § 4B1.4(b)(3)(A), the offense level for an armed career criminal shall be 34, if the defendant possessed the firearm in connection with a violent offense.

The ACCA's enhanced penalty increased Gordon's Guidelines range to 188-235 months and exposed him to a mandatory minimum prison sentence of 15 years. *See* 18 U.S.C. § 924(e)(1). He was also subject to a minimum term of five years imprisonment to run consecutive to any other term imposed, under § 924(c). In

2002, Gordon was sentenced to 248 months imprisonment, followed by a five-year term of supervised release. He did not object to the PSR or the application of the ACCA, and he did not appeal his sentence.

In 2010, Gordon filed a motion to vacate sentence under § 2255, arguing that he is actually innocent of being an armed career offender under the ACCA. He argues that, at the time of his sentencing, he did not meet the ACCA's requirement of three prior convictions for serious drug offenses or crimes of violence committed on occasions different from one another. Specifically, he contends that his 1993 robbery and kidnaping offenses occurred simultaneously and, therefore, should not have counted separately for purposes of the ACCA. Additionally, he attempts to rely on the "actual innocence exception" to overcome both the one-year statute of limitations for § 2255 motions and his procedural default in failing to file a direct appeal.

The government concedes that a mistake was made in Gordon's PSR and that the robbery and kidnaping counts were, indeed, committed on a single occasion. The government maintains, however, that Gordon is still an armed career offender based on an unscored conviction for an attempted robbery that occurred on the same day as the scored robbery and kidnaping. Although the attempted robbery was not included in the original PSR, Gordon to admitted the

3

conviction during his plea colloquy.  In response to Gordon's § 2255 motion, the government submitted a revised PSR that included the attempted robbery conviction.  Gordon objected to the district court's consideration of the revised PSR in light of *United States v. Canty,* 570 F.3d 1251, 1256 (11th Cir. 2009).  He also argues that the attempted robbery was part of the same criminal episode as the scored robbery and kidnaping and, therefore, should not be counted separately.

The magistrate judge issued a report and recommendation recognizing that the PSR under which Gordon was sentenced did not contain the requisite three predicate convictions to support an ACCA enhancement.  The magistrate judge determined, however, that *Canty* did not preclude the court's consideration of the revised PSR.  The magistrate judge also found that Gordon's claim of actual innocence was meritless based on the attempted robbery conviction.  In other words, the government proved that Gordon had three prior convictions that made him eligible for sentencing under the ACCA.  The district court adopted the magistrate judge's report and recommendation in its entirety.  We granted Gordon's application for a certificate of appealability on the questions of:

   (1)   Whether the district court erred in denying the actual innocence exception in this case, and
   (2)   Whether the district court erred in allowing consideration of new evidence to show that Gordon had the requisite prior convictions under the ACCA.

II.

When considering a district court's denial of a § 2255 motion, we review questions of law *de novo* and findings of fact for clear error. *Varela v. United States,* 400 F.3d 864, 867 n. 3 (11th Cir. 2005).

Gordon argues that our decision in *Canty,* 570 F.3d at 1256, bars the government from introducing the revised PSR in response to his § 2255 motion. *Canty* involved a defendant who pled guilty to various charges and received an ACCA-enhanced sentence. The PSR listed all of Canty's prior convictions, but did not state which of them were serious drug crimes or violent felonies for purposes of the ACCA. While the government did not object to the PSR, Canty did, alleging that documents included to prove his prior convictions were improper under *Shepard v. United States,* 544 U.S. 13, 26 (2005). The government disclaimed reliance on the facts stated in the PSR and offered certified copies of four state convictions to prove the ACCA predicates. The district court overruled Canty's objections and sentenced him under the ACCA.

On appeal, we determined that, in light of *United States v. Archer,* 531 F.3d 1347 (11th Cir. 2008), Canty's two convictions for carrying a concealed weapon were not crimes of violence for purposes of the ACCA. The government argued that Canty's PSR listed other prior convictions that were ACCA predicates and,

5

thus, Canty should still be sentenced pursuant to the ACCA. We held, however, that the record did not support the sentencing enhancement, as the district court failed to make findings on the number of violent felonies or serious drug convictions, or whether the underlying crimes were committed on separate occasions. *Canty,* 570 F.3d at 1255-57. Because the government disclaimed reliance on the PSR, we declined to consider it in determining whether Canty had other predicates to trigger application of the ACCA. We also rejected the government's argument that the case should be remanded for resentencing to provide it a second chance to prove Canty's predicate convictions. *Id.* at 1257. In reaching that decision, we relied heavily on the fact that the government had expressly disclaimed any reliance on the facts in the PSR. The government made no such waiver in the case at bar.

After *Canty,* we decided *United States v. Martinez,* 606 F.3d 1303 (11th Cir. 2010). In *Martinez,* we limited *Canty* to its facts, noting that we had not held "that an appellate panel was barred from fashioning an appropriate mandate, including allowing the government to present additional evidence on remand for resentencing." *Martinez,* 606 F.3d at 1305. Here, as in *Martinez,* strong reasons exist for allowing the government to present the additional evidence. Gordon did not object to the PSR or his sentence under the ACCA. Additionally, Gordon

6

admitted to the unscored conviction during his plea colloquy, so the government's introduction of the conviction is not new evidence that was previously unknown to the parties and the court.

Because Gordon did not carry his burden of proof of actual innocence with respect to the ACCA enhancement, we need not consider whether actual innocence can be a gateway to relief from a noncapital sentence. Additionally, Gordon's argument that the attempted robbery was part of the same occurrence as his other ACCA predicates is meritless on its face. While the police reports contained in the PSR reveal that the attempted robbery involved a separate victim at a different time, we need not consider that information. Firmly established principles of law hold that Gordon could not have been convicted of both attempted robbery and the completed crime of robbery with respect to the same specific incident. *See, e.g., Blockburger v. United States,* 284 U.S. 299, 304 (1932). Accordingly, Gordon's petition was properly denied.

AFFIRMED.

7

HILL, Circuit Judge, Concurring:

I concur in the judgment.

8