[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

Nos. 13-10396, 13-10397, 13-10442
Non-Argument Calendar
_____

D.C. Docket Nos. 4:06-cr-00013-MP-1, 4:05-cr-00020-MP-WCS-1,
1:12-cr-00018-MP-GRJ-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LAMAR SINTEL PRINGLE,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Northern District of Florida
_____

(August 16, 2013)

Before MARCUS, MARTIN and KRAVITCH, Circuit Judges.

PER CURIAM:

In this consolidated appeal, Lamar Sintel Pringle appeals both his sentences imposed for his health-care fraud convictions, as well as his sentences imposed for violating his supervised release.  Pringle received concurrent 87-month sentences after he pleaded guilty to one count each of conspiracy to commit health-care fraud and health-care fraud.  He received concurrent ten-month and fourteen-month sentences for violation of his supervised release.  Pringle's sentences for his supervised release are to be served consecutively to his 87-month sentences.  Each of the sentences was determined during the course of a single sentencing hearing in July 2013.

Pringle says the district court miscalculated his sentence for conspiracy to commit health-care fraud because it gave a two-level sentencing enhancement under United States Sentencing Guideline § 3B1.1(c) for his role in the offense.  Specifically, Pringle asserts that the government did not present evidence sufficient to support the enhancement.

"The district judge's determination of a convicted defendant's role in the offense is a factual finding subject to clearly erroneous review, but the application of a guideline to a particular factual situation is a question of law that we review de novo."  United States v. Alred, 144 F.3d 1405, 1421 (11th Cir. 1998).  "When the government seeks to apply an enhancement under the Sentencing Guidelines over a defendant's factual objection," as was the case here, "it has the burden of

2

introducing sufficient and reliable evidence to prove the necessary facts by a preponderance of the evidence." United States v. Washington, 714 F.3d 1358, 1361 (11th Cir. 2013) (quotation marks omitted).

The government concedes that the evidence in the record did not support the imposition of the two-level sentencing enhancement at issue. Therefore, "a remand is required unless the government can establish that the error is harmless." United States v. Campa, 529 F.3d 980, 1013 (11th Cir. 2008). The government does not argue that the error is harmless.

The government requests we allow both parties to present new evidence on remand. We have "broad discretion to fashion an appropriate mandate on remand after the vacatur of a sentence." United States v. Martinez, 606 F.3d 1303, 1304 (11th Cir. 2010). "Consonant with this broad discretion, we have often held that a general vacatur of a sentence by default allows for resentencing de novo." Id.

We have declined to allow the presentation of new evidence in cases where the government had ample notice of the defendant's sentencing objection and a full opportunity to introduce the relevant evidence in the district court. See Washington, 714 F.3d at 1362. However, that is not the situation here. Pringle did not make any written objections to the draft Presentence Investigation Report based on this enhancement. Neither did Pringle make any written objections to the Final Presentence Investigation Report. He did not raise this objection until the

3

sentencing hearing.  Therefore, both parties should have the opportunity to address this issue anew.

We vacate Pringle's sentence in its entirety and remand to the district court for a new sentencing hearing.

**VACATE AND REMAND.**