[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-15703
Non-Argument Calendar

_____

D.C. Docket No. 1:11-cr-20167-RWG-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MAZUKI LOPEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(December 13, 2013)

Before PRYOR, MARTIN and FAY, Circuit Judges.

PER CURIAM:

Mazuki Lopez appeals his 48-month sentence imposed after he pleaded guilty to (1) conspiring to commit access-device fraud (18 U.S.C. § 1029(b)(2)); (2) possessing fifteen or more counterfeit and unauthorized access devices (18 U.S.C. § 1029(a)(3)); and (3) aggravated identity theft (18 U.S.C. § 1028A(a)(1)). As part of the conspiracy, Lopez received fraudulent credit cards from co-defendant Manuel LaBrada. Lopez used the credit cards to buy diesel fuel and sell it to truck drivers at a discounted price. Lopez and LaBrada then split the proceeds.

On appeal, Lopez argues that, despite his sentencing objections, the government failed to present sufficient and reliable evidence to support the application of two sentencing enhancements: (1) a 4-level enhancement because the offense involved 50 or more victims, see United States Sentencing Guidelines (USSG) § 2B1.1(b)(2)(B); and (2) an 8-level enhancement for a fraud loss of more than $70,000, see id. § 2B1.1(b)(1)(E). For the reasons that follow, we vacate and remand for resentencing.

## I.

This Court reviews de novo the interpretation and application of the Guidelines, and reviews underlying factual findings, including the district court's calculation of the number of victims and amount of loss, for clear error. United States v. Lee, 427 F.3d 881, 892, 894–95 (11th Cir. 2005). "When the government

2

seeks to apply an enhancement under the Sentencing Guidelines over a defendant's factual objection, it has the burden of introducing 'sufficient and reliable' evidence to prove the necessary facts by a preponderance of the evidence." United States v. Washington, 714 F.3d 1358, 1361 (11th Cir. 2013). "[A]bsent a stipulation or agreement between the parties, an attorney's factual assertions at a sentencing hearing do not constitute evidence that a district court can rely on." Id. Where the government knew of the defendant's objection and had an opportunity to introduce relevant evidence, the government will not be permitted to present evidence at resentencing absent special circumstances. Id. at 1362–63. Circuit courts have broad discretion under 28 U.S.C. § 2106 to fashion an appropriate mandate on remand after the vacatur of a sentence. United States v. Martinez, 606 F.3d 1303, 1304 (11th Cir. 2010).

## A. VICTIM ENHANCEMENT

Lopez first challenges the district court's imposition of a 4-level enhancement for the number of victims. Under the Sentencing Guidelines, if an offense involved 50 or more victims, the offense level is increased by 4 levels. See USSG § 2B1.1(b)(2)(B). Application Note 1 defines a "victim" in part as "any person who sustained any part of the actual loss determined under subsection (b)(1)." Id. § 2B1.1 comment. (n.1). Application Note 4(E) further defines a "victim" in a case involving "means of identification" as "any individual whose

3

means of identification was <u>used</u> unlawfully or without authority." Id. § 2B1.1 comment. (n.4(E)(ii)) (emphasis added).

In the Presentence Investigation Report (PSI), the probation office recommended a 4-level enhancement based on the number of victims involved in Lopez's offense. The PSI stated: "The government has provided several lists of credit card numbers that were found during the investigation of the instant offense" and that "[a] review of that information revealed that a total of 115 individuals and four banking institutions were victims."

Lopez objected in writing and at the sentencing hearing to the 4-level victim enhancement. At the sentencing hearing he argued that the only victims were people who suffered actual losses or whose identification and credit card numbers were "used."[1]

The government did not present any witnesses or exhibits to support the number of victims it alleged were involved, nor did it present evidence to show which card numbers were used. The probation officer, who participated in the hearing but did not testify as a witness, stated that "just passing along the credit card numbers from one person to another . . . accounts for use of the card." The

---

[1] Lopez also claimed, in his objections below and on appeal, that those individuals who were reimbursed by their banks should not be classified as victims. This argument is foreclosed by Application Note 4(E) to § 2B1.1, which defines a victim in identify theft cases as, in addition to one who has sustained a loss, one "whose means of identification was used unlawfully or without authority." See USSG § 2B1.1, comment. (n.4(E)(ii)).

4

government argued that "someone whose identity is stolen" counts as a victim. After listening to each side's argument, the district court overruled Lopez's objection and sentenced him with the 4-level enhancement recommended by the PSI.

After Lopez's sentencing hearing, we clarified the meaning of the phrase "was used" in the commentary to the victim enhancement guideline in another case involving identity theft and fraudulent use of credit cards, United States v. Hall, 704 F.3d 1317 (11th Cir. 2013). In Hall we found that the "mere transfer of the personal identifying information, without more action, did not employ that information for the purpose for which the conspiracy was intended—the procurement of fraudulent credit cards and cash advances." Id. at 1322. It was not until the co-conspirators secured the fraudulent credit cards that the personal information "was used" and the individuals became victims for the purposes of a § 2B1.1(b)(2) enhancement. Id.

In light of this Court's holding in Hall, the district court's finding here that there were more than 50 victims is incorrect. The mere theft or possession of the personal information was insufficient under this guideline section to make someone a victim, because the "personal identifying information was not used." Id. at 1322. Only those individuals whose information was used to make a fraudulent credit card or to make purchases constituted victims.

Unlike in <u>Hall</u>, the record here is not clear as to the number of victims whose identification "was used," as opposed to transferred. Because <u>Hall</u> was decided after Lopez's sentencing hearing, we remand to permit the parties to present evidence and allow the district court to resentence Lopez in accordance with the meaning of this phrase as established in <u>Hall</u>.

## B.  AMOUNT OF LOSS ENHANCEMENT

Lopez also challenges the district court's finding that the amount of loss was more than $70,000, which in turn supported an 8-level enhancement.[2] <u>See</u> USSG § 2B1.1(b)(1)(E). Lopez objected to the loss amount calculation in the PSI and at the sentencing hearing. Lopez questioned whether additional card numbers found on computers seized during the arrest or the loss amount related to those cards had been adequately tied to him or the conspiracy. Specifically he objected to paragraph 17 of the PSI during the sentencing hearing. Instead of all 115 individual's cards, he argued he should only be responsible for the loss amounts associated with the 28 cards he and his co-defendant had in their possession when they were arrested. Thus the objections raised two factual issues: which card numbers were attributable to Lopez and should be included in the calculation, and whether the losses alleged on those cards were attributable to the conspiracy.

---

[2] The government tries to cast Lopez's objection to this enhancement as a legal one. The government argues that Lopez is not contesting the fact that the additional numbers existed, but rather he is claiming he should not be held responsible for the additional numbers. However, we read Lopez's objections to raise questions of fact about the loss amounts that placed an evidentiary burden on the government. Thus, we reject the government's argument.

6

In response, the probation officer, who was not sworn or called as a witness, said that Lopez was held accountable for all of the card numbers because of his participation in the conspiracy, describing it as "relevant conduct." The government made additional arguments to support the probation officer's statements, asserting that the existence of additional numbers on the computers was a reasonably foreseeable act in furtherance of the conspiracy. The government did not offer any witnesses or exhibits. Instead the government relied on the PSI report, the probation officer's statements, and its own factual assertions. Again the district court overruled Lopez's objection and sentenced Lopez using the 8-level loss amount enhancement.

In light of Lopez's objections, however, we must consider whether there was sufficient and reliable evidence to support a finding that the card numbers on the co-defendant's computers and the alleged losses associated with those cards could be attributed to Lopez. Washington, 714 F.3d at 1361. We remand because the government did not present sufficient and reliable evidence at the sentencing hearing of the loss amount for these 115 individuals' cards. Even if Lopez's admissions in his factual proffer were sufficient to establish that the card numbers found on the computers constituted relevant conduct under the Guidelines, see USSG § 1B1.3(a)(1)(B), Lopez questioned whether the losses associated with any card numbers from the computers were attributable to the conspiracy. In response

7

the government did not submit any evidence to show dates, amounts, or other factual information that would have established by a preponderance those losses and their connection to the conspiracy.

Because the government had ample notice of the defendant's sentencing objection and a full opportunity to introduce relevant evidence, we decline to allow the presentation of new evidence on this issue.  Washington, 714 F.3d at 1362. Lopez concedes a $24,000 loss amount.  We therefore remand for resentencing with a 4-level increase.  See USSG § 2B1.1(b)(1)(C) (providing for 4-level increase for loss amount more than $10,000 and less than $30,000).

We vacate Lopez's sentence and remand for re-sentencing in accordance with this opinion.  Because we have found Lopez's sentence was procedurally unreasonable based on the calculation errors discussed above, we do not reach Lopez's argument that his sentence was substantively unreasonable.

**VACATED AND REMANDED.**