[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-11260
Non-Argument Calendar
_____

D.C. Docket No. 1:02-cr-00133-CC-1


UNITED STATES OF AMERICA,

                                                          Plaintiff-Appellee,


versus


CHARLES DENNIS BRITTON, JR.,

                                                          Defendant-Appellant.


_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(May 19, 2014)

Before HULL, MARCUS, and ANDERSON, Circuit Judges.

PER CURIAM:

Charles Britton appeals his 60-month sentence, imposed after revocation of supervised release.  On appeal, Britton first argues that the district court committed procedural error in considering as evidence the testimony of Probation Officer Michelle Eubanks and a police report, and that his sentence is procedurally unreasonable because it was based on erroneous facts.  Second, he argues that his sentence is substantively unreasonable.  Third, he argues that he received a vindictive sentence in violation of due process because the sentence imposed at resentencing was based on roughly the same evidence but was greater than his original sentence.

## A.  Procedural Error

We review for plain error any claims that were not raised in the district court.  *United States v. Olano*, 507 U.S. 725, 731, 113 S.Ct. 1770, 1776, 123 L.Ed.2d 508 (1993).  We will not correct an error the defendant failed to raise in the district court unless there is "(1) error, (2) that is plain, and (3) that affects substantial rights."  *United States v. Cotton*, 535 U.S. 625, 631, 122 S.Ct. 1781, 1785, 152 L.Ed.2d 860 (2002).  If all three conditions are met, we will exercise our discretion to notice a forfeited error only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings."  *Id.*  To affect substantial rights under the third prong of the test, the error "must have affected the outcome of the district court proceedings."  *Id.* at 632, 122 S.Ct. at 1786.

2

A district court may consider hearsay during sentencing as long as: (1) the evidence has sufficient indicia of reliability; (2) the court makes "explicit findings of fact as to credibility;" and (3) the defendant has the opportunity for rebuttal. *United States v. Zlatogur*, 271 F.3d 1025, 1031 (11th Cir. 2001).  In order to show that evidence lacks the minimum indicia of reliability, the defendant must show that the challenged evidence: (1) was "materially false;" and (2) "served as a basis for the sentence." *United States v. Bourne*, 130 F.3d 1444, 1447 (11th Cir. 1997).

We review a sentence imposed by the district court upon revocation of supervised release for reasonableness. *United States v. Velasquez-Velasquez*, 524 F.3d 1248, 1252 (11th Cir. 2008).  In reviewing the reasonableness of a sentence, we must ensure that the district court committed no significant procedural error, such as selecting a sentence based on clearly erroneous facts. *Gall v. United States*, 552 U.S. 38, 51, 128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007).

Britton fails to demonstrate that either Eubanks' testimony or the police report are materially false, and therefore, he fails to show that they lack the required indicia of reliability.  Therefore, the district court did not plainly err in considering this evidence.  Similarly, Britton failed to demonstrate that the facts in Eubanks' testimony and the police report were clearly erroneous, and therefore, Britton's sentence is not procedurally unreasonable.  Accordingly, we affirm with respect to these issues.

3

**B. Substantive Reasonableness**

Once we determine that a sentence is procedurally sound, we must examine whether the sentence is substantively reasonable in light of the record and the § 3553(a) factors. *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005). In the context of a revocation, courts consider the § 3553(a) factors, including the history and characteristics of the defendant, the seriousness of the offense, the need to promote respect for the law, the need to provide just punishment, the need to afford adequate deterrence, the need to protect the public, and the need to provide the defendant with medical care or treatment in the most effective manner. *United States v. Velasquez-Velasquez*, 524 F.3d 1248, 1252 (11th Cir. 2008); 18 U.S.C. § 3553(a). The weight given to a particular factor under § 3553(a) is left to the sound discretion of the district court. *United States v. Williams*, 526 F.3d 1312, 1322 (11th Cir. 2008); *see Gall*, 552 U.S. at 57, 128 S. Ct. at 600 (holding that the district court may give "great weight" to a particular § 3553 factor). We do not presume that a sentence outside the Guidelines' recommended range is unreasonable and give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify any variance. *Gall,* 552 U.S. at 51, 128 S.Ct. at 597. We will remand for resentencing only if it is left with the "definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range

4

of reasonable sentences dictated by the facts of the case." *United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008).

The district court's decision to impose a 60-month sentence was substantively reasonable. The record shows that Britton's sentence was appropriate to comport with the purposes of § 3553(a)(2). His sentence reflects his significant prior criminal offenses, which were substantially similar in nature to the instant offense, the fact that he committed the instant offense while on supervised release for his prior offenses, and the seriousness of the instant offense. Accordingly, we affirm with respect to this issue.

## C.  Vindictivness of Britton's Sentence

"[A] general vacatur of a sentence by default allows for resentencing *de novo*." *See United States v. Martinez*, 606 F.3d 1303, 1304 (11th Cir. 2010). "[W]hen a criminal sentence is vacated, it becomes void in its entirety; the sentence—including any enhancements—has been wholly nullified and the slate wiped clean." *Id.* "Consequently, when a sentence is vacated and the case is remanded for resentencing, the district court is free to reconstruct the sentence utilizing any of the sentence components." *United States v. Stinson*, 97 F.3d 466, 468 (11th Cir. 1996).

On the other hand, the district court may not exercise its discretion in determining how to apply that package of sanctions with the purpose of punishing

a successful appeal. *Alabama v. Smith*, 490 U.S. 794, 798, 109 S.Ct. 2201, 2204, 104 L.Ed.2d 865 (1989). Due process of law requires that vindictiveness against a successful defendant/appellant must play no part in his resentencing. *Id.* In *North Carolina v. Pearce*, the Supreme Court held that when a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for him doing so must affirmatively appear. 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), *overruled in part on other grounds, Alabama*, 490 U.S. 794, 109 S.Ct. 2201. In *Smith*, the Supreme Court limited this presumption to circumstances where there was a "reasonable likelihood" that the increase in sentence was the product of actual vindictiveness on the part of the sentencing authority. 490 U.S. at 799, 109 S.Ct. at 2204-05. Where there is no such reasonable likelihood, the burden remains upon the defendant to prove actual vindictiveness. *Id.* at 799; 109 S.Ct. at 2205.

Britton's sentence did not constitute a vindictive sentence because, based on the resentencing transcript, there is no indication that there was a reasonable likelihood of vindictiveness. Furthermore, the district court relied on new evidence presented, specifically Eubanks's testimony, in imposing the 60-month sentence. Accordingly, we affirm with respect to this issue.

**AFFIRMED.**

6