[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-11877
Non-Argument Calendar
_____

D.C. Docket No. 6:16-cr-00107-RBD-TBS-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMES ROMANDO HARRIS, II,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(April 30, 2019)

Before WILSON, HULL, and JULIE CARNES, Circuit Judges.

PER CURIAM:

James Harris pled guilty to one count of being a felon in possession of a firearm.[1] He appeals his 64-month sentence, which was imposed on remand after a panel of this Court vacated his original 84-month sentence due to an improper guidelines calculation.[2] In this appeal, Defendant argues that the district court did not reasonably balance the factors identified in 18 U.S.C. § 3553(a) and that, as a result, his sentence is substantively unreasonable.

I.    Standards of Review

We review the reasonableness of a sentence under the deferential abuse-of-discretion standard of review. *Gall v. United States*, 552 U.S. 38, 41 (2007). The party who challenges the sentence bears the burden to show that the sentence is unreasonable in light of the record and the § 3553(a) factors. *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010). We have held that "a general vacatur of a sentence by default allows for resentencing *de novo*." *United States v. Martinez*, 606 F.3d 1303, 1304 (11th Cir. 2010). Moreover, the Supreme Court has advised:

---

[1] The underlying facts of Defendant's offense are set out in this Court's first opinion, issued after Defendant's appeal of his first sentence. *See United States v. Harris*, 719 Fed. App'x 946 (11th Cir. 2018).

[2] At the first sentencing hearing, the district court had imposed several enhancements. We affirmed each of these enhancements except for the 4-level enhancement under § 2K2.1(b)(5), which applies when, as part of his offense, an offender has engaged in the trafficking of firearms. We found insufficient evidence to support this enhancement and remanded for the district court to recalculate the guidelines without its use.

2

Because a district court's original sentencing intent may be undermined by altering one portion of the calculus, an appellate court when reversing one part of a defendant's sentence may vacate the entire sentence so that, on remand, the trial court can reconfigure the sentencing plan to satisfy the sentencing factors in 18 U.S.C. § 3553(a).

*Pepper v. United States*, 562 U.S. 476, 507 (2011) (internal citations and quotations omitted).

The district court must impose a sentence "sufficient, but not greater than necessary, to comply with the purposes" listed in 18 U.S.C. § 3553(a)(2), including the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, and protect the public from the defendant's future criminal conduct. *See* 18 U.S.C. § 3553(a)(2). The court must also consider the nature and circumstances of the offense and the history and characteristics of the defendant. *Id.* § 3553(a)(1). "The review for substantive unreasonableness involves examining the totality of the circumstances, including an inquiry into whether the statutory factors in § 3553(a) support the sentence in question." *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008).

The district court is generally "not required to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors. It is sufficient that the district court considers the defendant's arguments at sentencing and states that it has taken the § 3553(a) factors into

account." *United States v. Sanchez*, 586 F.3d 918, 936 (11th Cir. 2009) (internal quotations and citations omitted).

The weight given to any specific § 3553(a) factor is committed to the sound discretion of the district court. *United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007). Nonetheless, a court can abuse its discretion when it (1) fails to consider relevant factors that were due significant weight, (2) gives an improper or irrelevant factor significant weight, or (3) commits a clear error of judgment by balancing the proper factors unreasonably. *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (*en banc*). Moreover, a court's unjustified reliance on any one § 3553(a) factor may be indicative of an unreasonable sentence. *United States v. Crisp*, 454 F.3d 1285, 1292 (11th Cir. 2006). However, placing substantial weight on a defendant's criminal history is consistent with § 3553(a) because five of its factors reference criminal history. *United States v. Rosales-Bruno*, 789 F.3d 1249, 1263 (11th Cir. 2015).

Finally, although we do not presume that a sentence falling within the guideline range is reasonable, we ordinarily expect such a sentence to be reasonable. *United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008). A sentence imposed well below the statutory maximum penalty is another indicator of a reasonable sentence. *See Gonzalez*, 550 F.3d at 1324 (holding that the sentence was reasonable in part because it was well below the statutory maximum).

4

II.    Discussion

In support of his argument that a 64-month sentence is substantively unreasonable, Defendant argues that the considerations the district court articulated at this second sentencing differed from those it focused on at the first sentencing. Defendant notes that at the first sentencing hearing, the district court "placed great weight on the fact that the . . . offense involved trafficking in firearms," whereas at the second sentencing hearing the court focused on the fact that the firearms at issue were stolen and on Defendant's criminal record. It is difficult to understand the basis of this objection. One would not expect the district court to base its sentence on the potential trafficking aspect of the offense, as defined by the Guidelines, given our remand of the case and conclusion that an enhancement based on gun trafficking was not supported by the evidence.[3] Nor would one think that Defendant would wish for the district court to focus again on that aggravating factor.

Instead, the court noted, as important factors in its assessment, Defendant's prior criminal history and the fact that the firearms at issue were stolen, having been taken in a recent burglary. Consideration of these two matters was clearly

---

[3] There was no question that Defendant and his co-defendant intended to sell the stolen guns that Defendant was storing. But our first opinion noted that, to obtain an enhancement based on trafficking, the Government had to show that the defendant intended to transfer the firearm to someone he had reason to believe could not legally possess the weapon. The Government failed to do so. *See Harris*, 719 Fed. App'x at 950.

5

proper under § 3553(a).  Defendant also argues that, because the district court sentenced him to the low end of the range as calculated during his original sentencing (the 84–105 months), the court was likewise required to sentence him at the low end of the newly-calculated range on remand (57–71 months).  Instead, the cout imposed a 64-month sentence, which was in the middle of the new range.  Yet, that the district court decided that a sentence at the low-end of a higher guidelines range was reasonable does not mean that it would necessarily conclude that a sentence at the low-end of a reduced range would likewise be a "sufficient" sentence under § 3553(a).  *See Pepper*, 562 U.S. at 507.

In short, the district court imposed a within-guideline, middle-of-the-range sentence that was substantially less than the 10-year maximum sentence.  We conclude that the sentence was substantively reasonable.  *See Hunt*, 526 F.3d at 746; *Gonzalez*, 550 F.3d at 1324.  Accordingly, we affirm.

**AFFIRMED.**